IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
07/19/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| NUVIRA HOSPITALITY INC., | ) | CASE NO. 15-80432-G3-11 |
| | ) | |
| Debtor | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on "Four Star Business, Inc.'s Motion For Relief From Stay Against Property" (Docket No. 24). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Nuvira Hospitality Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, as a small business, on November 30, 2015.

Ramesh Raj is the President, Managing Director, and 100% owner of the Debtor. Raj d/b/a Nuvira Associates executed a promissory note in the principal amount of $600,000, secured by a Deed of Trust, granting a lien in favor of Four Star Business, Inc. ("Movant") on a 31-unit motel with RV facilities, known as

Anchor Motel.  The real property is located at 1302 Bluewater Highway, Freeport, Texas in the Village of Surfside Beach, Texas 77088 ("Property").  Movant's Exhibits 1 and 2.

Raj testified that at the time the Property was purchased from Movant he was doing business as Nuvira Associates and he intended, and it was known to Movant, that the property would be transferred to Debtor.  The transfer was accomplished by an Assumption Warranty Deed.  Debtor's Exhibit No. 2.  The purchase price for the Property was $775,000 with $175,000 paid in cash and the remainder financed through the promissory note and Deed of Trust.

After the real estate closing, Raj testified that he discovered undisclosed problems with the Property and because of these issues, the motel did not operate for approximately six to nine months.  Raj testified that he spent over $148,000 for repairs and work done on the Property to cure the problems, including installation of a new septic system and replacement of rotting walls.  Debtor's Exhibit No. 9.  Ultimately, Debtor sued Movant in state court for fraud and to recover damages as a result of the undisclosed problems.  Debtor's Exhibit Nos. 1 and 3.

Abdul Panjwani, President of Movant, testified that the monthly payments on the promissory note are $7,122.11 and that no payments have been made since January 2015.  Movant claims that

Debtor's monthly profits are insufficient to pay the monthly note.  Debtors' Monthly Operating Reports do reflect negative profits for the months of January and March 2016.  Movant's Exhibit Nos. 7 and 9.  Panjwani testified that the hotel business is seasonal and that profits are generally better during the months of March through October of each year.  The court notes that the Monthly Operating Reports for the months of December 2015 and the months of February, April, and May 2016 reflect that Debtor made profits.  These profits range from $1,300 to over $3,000 per month.  Movant's Exhibit Nos. 6, 8, 10, and 11.

Raj testified that the Property is insured and that all taxes have been paid and are current.  Debtor's Exhibit Nos. 7 and 8.  Raj testified that the Property is well maintained and is in much better condition than it was when it was purchased.  He testified that he has been improving and upgrading the property.  Raj testified that Debtor is negotiating with creditors to resolve any possible environmental issues and to formulate a plan of reorganization that will be successful.

In the instant motion, Movant seeks relief from stay alleging that the stay should be lifted for cause on the bases that Debtor cannot provide adequate protection of Movant's interest in the property and that section 362(d)(3) of the Bankruptcy Code is applicable.  Movant claims that the nature of Debtor's business is that of a single asset real estate case, and

pursuant to section 362(d)(3), Debtor has not timely filed a plan that has a reasonable possibility of being confirmed within a reasonable time.  Docket No. 24.  Debtor denies the material allegations of the instant motion.  Docket No. 25.

Debtor's initial petition indicated that the nature of its business was that of a single asset real estate debtor and that it was also a small business.  Docket No. 1.  The petition was amended on January 4, 2016 to remove the reference to Debtor operating a single asset real estate business.  Docket No. 15; Debtor's Exhibit No. 6.  The court finds that the instant case is a small business case and not a single asset real estate case.  Section 362(d)(3) is not applicable.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Section 362(d)(3) provides, in pertinent part, that the court shall grant relief from stay in a single asset real estate case, unless:

not later than the date that is 90 days after entry of the order or relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later -

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that -

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, or, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a judgment lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d)(3).

The term "single asset real estate" means real property constituting a single property or project which generates substantially all of the gross income of a debtor and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.  11 U.S.C. §101(51B).  The term "small business debtor" means a person engaged in commercial or business activities (excluding single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition or the date of the order for relief in an amount not more than $2,490,925 for a case where no creditors' committee has been appointed.  11 U.S.C. §101(51D).

When income is earned through active operations and not mere ownership of real property, the debtor is not a single asset real estate debtor.  *In re Scotia Development, LLC*, 375 B.R. 764 (Bankr. S.D. Tex 2007).  The court finds that section 362(d)(3) is not applicable to the present case.

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997).

The court concludes that in light of the totality of the circumstances in the instant case, i.e., the temporary closing of the business and its seasonal nature, the fact that the Property is insured and the property taxes are current, and that the Property has been repaired, improved, and upgraded by Debtor, the stay should be conditioned on terms which will encourage continued adequate protection of Movant's interest in the Property.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on the 19th day of July, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE